UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE GREEN,

    Petitioner,

v.

NOAH NAGY,

    Respondent,
_____/

Case No. 2:18-CV-13452
HON. TERRENCE G. BERG
UNITED STATES DISTRICT COURT

## **ORDER RESOLVING PENDING MOTIONS**

Petitioner Jessie Green filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an answer to the petition.

Before the Court are several motions. For the reasons below, the Court grants Petitioner's Motions to Amend (ECF Nos. 10, 11) and Petitioner's Motion to Expand the Record (ECF No. 12), denies as moot Petitioner's Motion for Production of Documents (ECF No. 14), and denies Petitioner's Motion to Strike (ECF No. 15) and Petitioner's Motion for Summary Judgment (ECF No. 17).

    **A. Motions to Amend**

Petitioner requests a change of caption and change of address because he has now been moved to the Lakeland Correctional Facility.

1

ECF No. 10. The Court orders that the caption in this case be amended to reflect that the proper respondent in this case is now Noah Nagy, the warden of the prison where Petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 U.S.C. § 2254.

Petitioner next filed a motion to amend the petition for writ of habeas corpus to add a claim that the photographic show-up procedure was unduly suggestive, leading to a tainted identification. ECF No. 11.

Petitioner's motion is granted because he seeks to add a new claim that may have merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

The Court also grants Petitioner an extension of time to file a memorandum of law in support of his additional claim. A habeas Petitioner is permitted to assert his or her claims in a supporting brief. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005). The Court will therefore grant Petitioner a sixty-day extension of time to file a brief in support of his amended habeas petition.

Respondent shall have sixty days from the date that the memorandum of law in support of the amended petition is filed, or the

2

date that the period for filing the memorandum has expired, whichever is later, to file a supplemental answer to the amended petition. *See Stewart v. Angelone*, 186 186 F.R.D. 342, 344 (E.D. Va. 1999); Rules Governing § 2254 Cases, Rule 4.

**B. Motion to Expand the Record**

Petitioner moved to expand the record to include the exhibits that he attached to his original petition.

Rule 7(a) of the Rules Governing § 2254 Cases indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." A federal district court judge may employ a variety of measures to avoid needing an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute. *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977). The decision whether to expand a habeas record is within the sound discretion of the district court. *See West v. Bell,* 550 F.3d 542, 551 (6th Cir. 2008). In addition, the habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if

available, and the court may also order, on its own motion, or upon the Petitioner's request, that further portions of the transcripts or other evidence be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5.

In the present case, Petitioner requests that the Court expand the record to include materials which may support his claims. Because this evidence may help resolve any factual disputes in this case, the Court grants Petitioner's motion.

### C. Motion for Production of Documents

Petitioner's Motion for Production of Documents, ECF No. 14, asks the Court to provide him with a copy of his petition and appendices so that he can file a reply to Respondent's answer.

Petitioner, however, has filed his Reply already. ECF No. 15. His motion is therefore denied as moot.

### D. Motion to Strike

Petitioner has moved to strike certain defenses from respondent's answer pursuant to Fed. R. Civ. P. 12.

A response to a petition for writ of habeas corpus is not an answer within the meaning of Fed. R. Civ. P. 12. *See Allen v. Perini,* 424 F.2d

134, 138 (6th Cir. 1970). Petitioner cannot avail himself of this provision to strike any portion of the responsive pleading.

### E. Motion for Summary Judgment

Petitioner moved for a summary judgment on the claims raised in his original petition.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000) (quoting Fed. R. Civ. P. 56(c)). The summary judgment rule applies to habeas proceedings. *See, e.g., Harris v. Stegall,* 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001). However, a federal district court should not enter a summary judgment in a habeas case if the pleadings or papers present a genuine issue of fact. *See United States ex. rel. Johnson v. De Robertis*, 718 F. 2d 209, 211 (7th Cir. 1983); *See also Barclay v. Renico*, No. 2002 WL 1303038, at *2 (E.D. Mich. June 6, 2002).

Respondent filed a response to the petition for writ of habeas corpus, in which he urges that Petitioner's claims be denied. Upon review

of the briefs, a genuine issue of fact exists as to whether or Petitioner is entitled to habeas relief. Accordingly, Petitioner's Motion for Summary Judgment is denied.

**SO ORDERED.**

DATED: July 25, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 25, 2019, by electronic and/or ordinary mail.

S/A. Chubb
Case Manager and Deputy Clerk